UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| FRAZIER TEWOLDE HAILEMICHAEL ) | Case No. 07-12894-SSM |
| ) | Chapter 7 |
| Debtor ) | |

**MEMORANDUM OPINION**

Before the court is the debtor's request for deferment of the credit counseling requirement of § 109(h), Bankruptcy Code. Because the debtor does not satisfy the requirements for a waiver, the request must be denied and the case must be dismissed.

<u>Background</u>

The debtor filed a voluntary petition in this court on October 9, 2007, for relief under chapter 7 of the Bankruptcy Code. Exhibit D filed with the petition reflects that he did not receive credit counseling prior to filing the petition. He did, however, file with the petition a certification of exigent circumstances stating as follows:

> I have ben [*sic*] out of a job for over 8 months, I have no source of income and have ben [*sic*] living in a homeless shelter for over a week now. I was working and going to school in the beginning of 2007. I lost my job due to the problems in working environment. (Papa Johns) I was late on my cell phone payment with T-mobile, overdrafted two checking accounts, and I was forced to drop my classes at NVCC in Alexandria who I now owe $300 dollars.

<u>Discussion</u>

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling

1

agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. § 109(h)(1), Bankruptcy Code.  The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes *exigent circumstances* that merit a waiver" of the credit counseling requirement; (2) "*states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services...during the 5-day period beginning on the date on which the debtor made that request*;" and (3) "is satisfactory to the court." § 109(h)(3)(A)(i)-(iii) (emphasis added).  The exemption, if granted, is effective for 30 days. § 109(h)(3)(B).

There are two problems with the debtor's certification in this case.  The first is that the certification does not set forth any "<u>exig</u>ent" circumstances.  An exigent circumstance is an urgent or emergency situation that makes it necessary to file a bankruptcy case immediately because bankruptcy relief would be ineffective if the filing of the petition had to be delayed to obtain credit counseling first.  Common situations that may qualify as "exigent" include an impending foreclosure or eviction.  *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005).  No such circumstances, however, are set forth in the debtor's certification.  The second problem is that the certification does not state that the debtor requested credit counseling but was unable to obtain it within 5 days of the request.  Absent a request for services and the agency's inability to provide counseling within the five-day period, the court has no power to grant a request for waiver, no matter how compelling the circumstances.  *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).

Although the facts set forth in the debtor's certification may well demonstrate a *need* for bankruptcy relief, they do not demonstrate either that the petition had to be filed on October 9th in order to provide effective relief, or that the debtor requested counseling from an approved agency, but was unable to obtain it within five days of the request. Since the certification does not comply with the first two requirements under §109(h)(3)(A), the court has no authority to grant a deferment and must dismiss the case.

A separate order will be entered consistent with this opinion.

Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge


Copy to:

Frazier Tewolde Hailemichael
2355-B Mill Road
Alexandria, VA 22314
Debtor pro se

Richard A. Bartl, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington St., Suite 216
Alexandria, VA  22314

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314